## HENRY WOFFORD v. STATE.

No. A-5064. Opinion Filed Oct. 14, 1925.
(239 Pac. 938.)

T. H. Davidson, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

DOYLE, J. Upon an indictment duly returned by a grand jury in the district court of Muskogee county, charging that in said county on January 14, 1923, Henry Wofford did "commit the crime of manufacturing intoxicating liquor," and further charging that previously thereto said defendant was duly tried and convicted in the superior court of said county on an information charging the unlawful possession of intoxicating liquor, and on the 6th day of May, 1916, was sentenced to serve a term of 30 days in the county jail of Muskogee county and pay a fine of $50; "that the said Henry Wofford, having been duly convicted as aforesaid, did then and there on the 14th day of January, 1923, know-

ingly, willfully, unlawfully, and feloniously manufacture certain intoxicating liquor, to-wit, whisky." He was tried and convicted and his punishment fixed at confinement for 30 days in the county jail and a fine of $50.

To reverse the judgment rendered on the verdict he appeals.

R. D. Jones, deputy sheriff, testified that he saw the defendant go into a house at 828 North Seventeenth street, in Muskogee; that he saw a number of negroes close to and around the house; that he secured a search warrant for the premises and raided the place, and found 15 or 20 gallons of whisky and a still set up; that the defendant was not there when the house was searched; that he had not seen the defendant about the house except on that morning.

Robert Ward testified that he lived in a nearby house and that the place in question was supposed to be owned by one of the Woffords; that defendant, Henry Wofford, was a single man, and that he had not seen him going into the house in question or coming out of it.

W. M. Parthring testified that he lived at 630 North Seventeenth street, and knew the house that was raided, but did not know who lived there; that he saw the defendant or his brother passing by before the officers raided the place; that he saw a man by the name of Asbury Jones at this house, and saw him going into the house and coming out of it, and knew that said Jones stayed at this place; that he saw the defendant and said Asbury Jones talking back of the house once or twice.

At the close of the state's evidence there was a motion by the defendant for a directed verdict on the ground that the evidence was insufficient to connect him with the alleged offense, which was overruled and exception allowed.

The defendant, as a witness in his own behalf, testified that the house raided belonged to his father, who lived across the street; that the place was rented to one Asbury Jones, whom he had not seen since the Thursday before the raid; that he did not go into the house the day of the raid, and that he had never manufactured any liquor; that he was in Okmulgee at the time of the raid.

Two other witnesses testified that they had lived, one across the street, and another in a nearby house, and that they had never seen the defendant around the place.

Of the various assignments of error after a careful examination of the record, we think it is only necessary to consider the one that the verdict of the jury is contrary to the evidence.

The testimony, taken as a whole, and the facts presented by the proof, seems to fall below that degree of certainty as evidence of the guilt of defendant required to support a verdict and judgment of conviction.

To find a verdict of guilty the jury were required to find that the facts and circumstances in evidence were sufficient to show beyond a reasonable doubt the defendant's guilt. It is not sufficient that he may have committed the act, but it must be established that he did. Direct evidence is not always available to establish a defendant's guilt, and resort is necessarily had to circumstances showing his guilt, but to be sufficient they must do more than create a mere suspicion that the party charged is guilty. Outside of a few suspicious circumstances no proof was offered tending to connect the defendant with the alleged offense.

We are of opinion that the defendant's motion for a directed verdict should have been sustained.

It follows that the conviction should be and it is reversed.

BESSEY, P. J., and EDWARDS, J., concur.